658 F.2d 27
 108 L.R.R.M. (BNA) 2386, 92 Lab.Cas. P 12,998
 William JENSEN, Edwin Kremer, John Gardella, William Kuyl,
Dominick Bisbano, Lindsay Hoyt, Francis S.
Haggerty, Richard Trippe, Anthony Lore,
and Gary W. Lueck,
Plaintiffs-
Appellants-
Cross-Appellees,
v.
FARRELL LINES, INC., International Organization of Masters,
Mates and Pilots, AFL-CIO, Brotherhood of Marine Officers,
District 1, MEBA, AFL-CIO, and American Federation of Labor
and Congress of Industrial Organizations, Defendants-Appellees,
Appeal of INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND
PILOTS, AFL-CIO, Defendant-Appellee-Cross-Appellant.
 Nos. 535, 536, Dockets 80-7748, 80-7788.
 United States Court of Appeals,
Second Circuit.
 Argued March 25, 1981.
Decided May 4, 1981.
Opinion Sept. 8, 1981.*
 
 Murray A. Gordon, Gordon & Shectman, New York City, for plaintiffs-appellants and cross-appellees.
 Alexander Gigante, Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant-appellee Farrell Lines, Inc.
 Seymour M. Waldman, Waldman & Waldman, and Burton M. Epstein, New York City, for defendant-appellee and cross-appellant International Organization of Masters, Mates and Pilots, AFL-CIO.
 Before OAKES and MESKILL, Circuit Judges, and SAND**, District Judge.
 PER CURIAM:
 
 
 1
 Appellants are ten licensed deck officers and engineers who are supervisory employees in the maritime shipping industry and members of appellee Brotherhood of Marine Officers (BMO). They were all employed for a substantial period of time on vessels formerly owned and operated by American Export Lines, Inc. (AEL), and since January 1978 owned and operated by appellee Farrell Lines, Inc. (Farrell). Appellants, as former AEL supervisors, had been represented exclusively by BMO. But Farrell had a collective bargaining agreement with appellee International Organization of Masters, Mates and Pilots (MMP) which provided that all licensed deck officers, such as appellants, employed by Farrell shall be members of MMP. Nevertheless, when Farrell purchased AEL, Farrell signed an agreement acknowledging and assuming obligations under the AEL-BMO collective bargaining agreement. MMP, however, asserted that it and not BMO was entitled to represent all licensed deck officers employed by Farrell. After inter-union arbitration, an AFL-CIO arbitrator held that there was an accretion of the AEL fleet to the Farrell fleet and that, primarily because the MMP contract provided for accretions and the BMO contract did not, the MMP contract was to be given effect. The AFL-CIO Executive Council affirmed this decision on appeal.
 
 
 2
 Appellants originally made three claims in this suit against Farrell, MMP, BMO, and the parent unions: (1) that Farrell and MMP, by enforcing the arbitration award, committed unfair labor practices under the National Labor Relations Act, 29 U.S.C. § 158; (2) that the arbitration determination was invalid because BMO breached its duty of fair representation under 29 U.S.C. § 185; and (3) that appellants' First Amendment right to freedom of association was violated. The United States District Court for the Southern District of New York, Robert W. Sweet, Judge, held against appellants on the first two claims, but in their favor on the third claim, which was certified on appeal to this court. Jensen v. Farrell Lines, Inc., 477 F.Supp. 335 (S.D.N.Y.1979). We reversed as to the third claim, finding no infringement of appellants' First Amendment rights. Jensen v. Farrell Lines, Inc., 625 F.2d 379 (2d Cir. 1980).
 
 
 3
 In the instant appeal, appellants raise the two claims on which the lower court had previously held against them, including the variation of the unfair labor practice claim that Farrell breached its contractual obligation to BMO, thereby permitting suit by appellants. Appellees moved to dismiss this appeal because (1) the earlier appeal has decided these issues, and, in the alternative, (2) appellants have already abandoned the arguments they now seek to raise. Despite the policy against piecemeal litigation, we will give appellants the benefit of the doubt that the earlier appeal was interlocutory in nature and, thus, we will address the merits of this appeal. On the merits, we must affirm the judgment below.
 
 
 4
 First, as indicated by the district court, 477 F.Supp. at 344-45, appellants are "supervisors" under the definitional sections of the National Labor Relations Act and, as such, are not statutory "employees" who are entitled to protection against statutory unfair labor practices. 29 U.S.C. §§ 152(3), 164(a); see NLRB v. Yeshiva University, 444 U.S. 672, 100 S.Ct. 856, 63 L.Ed.2d 115 (1980); Beasley v. Food Fair of North Carolina, Inc., 416 U.S. 653, 94 S.Ct. 2023, 40 L.Ed.2d 443 (1974). Moreover, nothing in the federal common law requires or permits us to hold that conduct which would support a finding of an unfair labor practice if nonsupervisory personnel were involved constitutes by implication a breach of contract actionable under 29 U.S.C. § 185.
 
 
 5
 Regarding the claim that Farrell breached its contractual obligation to BMO, only BMO could litigate over the existence of the bargaining relationship, see Brown v. Sterling Aluminum Products Corp., 365 F.2d 651, 656-57 (8th Cir. 1966), cert. denied, 386 U.S. 957, 87 S.Ct. 1023, 18 L.Ed.2d 105 (1967). But BMO has accepted the arbitrator's decision and no longer contends that it represents appellants. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 511 (9th Cir. 1978), permitting suit for violation of personal rights, is inapplicable here because the issue before us is not one of wrongful discharge, but one of a union-employer relationship.
 
 
 6
 As to appellants' fair representation claim, the court's function in reviewing an arbitration award is quite limited, Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). A breach of the duty of fair representation occurs when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); see Jones v. Trans World Airlines, Inc., 495 F.2d 790, 797-98 (2d Cir. 1974). In the instant case, the district court found that "BMO's forceful and persistent representation of its constituents in the Article XX proceeding and its conduct in the appeals from that proceeding can in no way be termed arbitrary conduct." 477 F.Supp. at 349-50. Furthermore, a reading of BMO's brief to the arbitrator as excerpted in the joint appendix makes clear that any rational argument that could be made was made before the arbitrator. And surely the union has some discretion in terms of seeking review of the arbitral award. See Lewis v. Greyhound Lines-East, 555 F.2d 1053, 1055 (D.C.Cir.), cert. denied, 434 U.S. 997, 98 S.Ct. 635, 54 L.Ed.2d 491 (1977).
 
 
 7
 Motion to dismiss the appeal denied; judgment affirmed without costs to either party.
 
 
 
 *
 This appeal was disposed of by order dated May 4, 1981. Such a summary determination is not published and has no precedential value under our Local Rule 0.23. Upon request, we have decided to repeat the substance of our May 4, 1981, order in this per curiam opinion, which will be published
 
 
 **
 Of the United States District Court for the Southern District of New York, sitting by designation